**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4067

JOSEPH FRIEDRICH CLEMONS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-91-43-A)

Submitted: November 18, 1999

Decided: November 30, 1999

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, William C. Ingram, First
Assistant Public Defender, Greensboro, North Carolina, for Appel-
lant. Thomas Richard Ascik, OFFICE OF THE UNITED STATES
ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Friedrich Clemons appeals the district court's revocation of his supervised release term and the twenty-four-month sentence he received. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), suggesting that the district court erred in imposing the sentence without considering the factors set out in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1999), including the guideline range recommended under the Chapter 7 policy statements of the U.S. Sentencing Guidelines Manual (1998), but concluding that there are no meritorious issues for appeal. Clemons has filed a pro se supplemental brief arguing that he should be resentenced within the eight-to-fourteen-month guideline range and ordered to enter an alcohol treatment program because he has not been able to obtain alcohol treatment in prison. We affirm.

After a thorough review of the probation officer's petition for revocation, the nature and extent of Clemons' supervised release violations, the worksheet citing the revocation range recommended under Chapter 7, and the arguments presented before the district court, we find first that the district court did not abuse its discretion in revoking supervised release. See United States v. Davis , 53 F.3d 638, 642 (4th Cir. 1995) (providing standard of review). Clemons admitted two of the four violations that the district court found had occurred, and the district court's findings concerning the remaining two violations were supported by a preponderance of the evidence. In addition, the record discloses that the district court considered the factors set out in § 3553(a). See Davis, 53 F.3d at 642 ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Because Clemons' sentence does not exceed the statutory maximum under 18 U.S.C. § 3583(e) (1994), we review the sentence only to determine whether it is plainly unreasonable. See 18 U.S.C. § 3742(a)(4) (1994). One of the court's reasons for imposing a sentence above the recommended range was to provide an opportunity

for Clemons to obtain treatment for alcohol abuse while in prison. The fact that such treatment has been unavailable, as Clemons claims, does not render the court's decision plainly unreasonable.

Pursuant to Anders, this court has reviewed the record for reversible error and found none. We therefore affirm the revocation of supervised release and the sentence imposed. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may again move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The government's motion to submit the case on the briefs is granted.

AFFIRMED

3